**TEXAS LIQUOR CONTROL BOARD,**
Appellant,

v.

**DINERS' CLUB, INC., Appellee.**

No. 10843.

Court of Civil Appeals of Texas.

Austin.

June 28, 1961.

Rehearing Denied July 5, 1961.

Will Wilson, Atty. Gen., Riley Eugene Fletcher, Tom I. McFarling, Glenn R. Brown, Asst. Attys. Gen., for appellant.

Clark, Mathews, Thomas, Harris & Denius, Mary Joe Carroll, Austin, for appellee.

HUGHES, Justice.

This appeal is from an order granting a temporary injunction. The Texas Liquor Control Board, appellant, makes no contention that the Trial Court, from an equitable point of view, abused its discretion in awarding injunctive relief. Its position throughout is legal, not that equitable principles have been transgressed.

The Diners' Club, Inc., appellee, brought this suit alleging that it was in the credit card business. Such cards are issued to persons found to be worthy of credit and authorize such persons to purchase on credit from retail firms with which Diners' has an operating contract. Appellee operates in Texas and has invested substantial sums of money in its business.

The allegations of Diners' regarding the particular contracts involved in this suit are:

> "It has individual contracts with individual retail liquor package stores located in such points as Amarillo, Austin, Big Spring, Dallas, Fort Worth, Houston, Odessa, San Antonio and Wichita Falls, Texas. By the terms of such contracts as Plaintiff has

with the various individual owners and operators of retail liquor package stores, Plaintiff agrees to purchase, and the individual retail liquor package store operator agrees to sell to Plaintiff, all valid charge accounts of Plaintiff's credit card members, without recourse on the individual owner and operator of the retail package stores, at a discount rate of Six and One-Fourth per cent (6¼%) of the amount of the total invoice or charge account. After the purchase by Plaintiff from a retail package store of the valid charge account of a member holding one of Plaintiff's credit cards, the account belongs to Plaintiff and the obligation to collect the account purchased by Plaintiff rests entirely upon it. Such contracts and agreements as Plaintiff has with retail liquor package stores located within the State of Texas are valid and legal contracts. Such contracts and agreements have created and vested in Plaintiff a valuable right in which Plaintiff is entitled to protection."

The legality of these contracts is fully averred.

It was further alleged that on June 30, 1960, the Board issued and caused to be brought to the knowledge of retail permit holders with whom Diners' had contracts, the following order and directive:

"Texas Liquor Control Board
State    Office    Building
   201   E.   14th   Street
     Austin   11,   Texas
     June   30,   1960

"To:      All District Supervisors

"Subject: Credit Card Arrangements By Package Stores

"An investigation has been made in regard to credit card arrangements such as the Diner's Club Plan, American Express Plan, Beverage Gift Service Plan, and the Hilton Carte Blanche Plan in which retail package stores have entered into contract with the aforementioned credit plans.

"Please be advised that such contracts violate the Texas Liquor Control Act, Section 17(23) of Article 666 of the Penal Code which prohibits the use of a permit by any other than the person or persons name appearing on such permit.

"Secondly, such a contract is in violation of Section 17(22) of Article 666 of the Penal Code which makes it a violation to use or exercise any privilege of a permit except at the licensed place of business.

"Third, such a contract in its entirety gives the commercial credit plan an interest in the package store business, and when they enter into such contract with more than give package stores, they violate this provision. The contract also violates the co-operative advertising law of Section 23(a) of Rule and Regulation 8B-1 as adopted by this Board.

"Fourth, Section 4a of Article 666 makes it a violation to solicit orders for the purpose of sale without first having procured a permit of the class required for such privilege. The credit card companies are soliciting orders for the sale of liquor in violation of this provision.

"Each District Supervisor is requested to contact any permittees operating under any commercial credit plan such as those listed above and advise each permittee participating in such a plan that administrative action will be taken against their permit if they persist in entering into a contract with the aforementioned credit plans or others of similar nature.

"s/ James O. Strong
t/  James O. Strong
Supervisor
Marketing Practices Unit."

As a result of this order, Diners' alleged many retailers with whom it had contracts cancelled them.

The Trial Court made unchallenged findings supporting the substance of these allegations, and made other findings relative to the necessity for the issuance of a temporary injunction enjoining enforcement of the order and directive of June 30, 1960.

The Board's first point is that this suit is a suit against the State, and that legislative consent has not been procured.

■ The solution of this problem depends upon the applicability, vel non, of the rule stated in Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 712, 17 A.L.R. 837, and quoted in Haden Co. v. Dodgen, 158 Tex. 74, 308 S.W.2d 838, as follows:

"The acts of officials which are not lawfully authorized are not acts of the State, and an action against the officials by one whose rights have been invaded or violated by such acts, for the determination or protection of his rights, is not a suit against the State within the rule of immunity of the State from suit."

■ It is our opinion that the nature of the case pleaded, and at least tentatively established, is within the rule. See Griffin v. Hawn, 341 S.W.2d 151, Texas Supreme Court.

Appellee has briefed, at length, the legal issues presented by Supervisor Strong in his directive to District Supervisors, which, so far as the present record indicates, will be the controlling issues tried when this case is reached on its merits.

Since the Board has declined to brief these questions, we do not consider it our duty to discuss and decide them on this appeal.

■ We do say, and we do hold, in agreement with the Trial Court, that Diners' has made a proper showing of "a probable right

and probable injury," sufficient to require the maintenance of the status quo pending a final determination of the issues presented.

■ The Board's second point is that Diners' has no justiciable interest in the directive issued by the Board or in any permit issued by the Board.

The Board sums up its argument here by saying:

"Since Appellees whole argument is that they have nothing to do with the liquor laws of this State, and since no action has ever been taken by Appellant to institute statutory proceedings against anyone who has such an interest, Appellees cannot and have not shown any interest in a justiciable controversy."

We overrule this point. The directive issued by the Board, or under its authority, expressly names appellee and condemns the contracts it has made with retail package stores and threatens administrative action against such stores if they persist in participating in the contractual arrangement.

Diners' interest is in its contracts with retail liquor dealers. It does not claim to have any interest in the retail liquor business. The Board affirms this position.

We believe the ineptness of the Board's contention may be simply illustrated. If A contracts with carpenter B to construct a house for him, A does not thereby acquire an interest in the business of carpentering, but his interest in the construction contract is vested.

Diners' seeks to protect its interest in the contracts which the Board's action, and threatened action, destroys. We believe Diners' has this right. See City of Austin v. Austin City Cemetery Association, 87 Tex. 330, 28 S.W. 528, Cabell's, Inc. v. City of Nacogdoches, Tex.Civ.App., Beaumont, 288 S.W.2d 154, writ ref., N.R.E., Smith v. Decker, 158 Tex. 416, 312 S.W.2d 632, City of Houston v. Jas K. Dobbs Company of Dallas, 5 Cir., 232 F.2d 428.

The Board's third point is that the Court erred in overruling its plea in abatement asserting that there is an absence of necessary parties in that the retail liquor dealers with whom Diners' has contracts are not parties.[1]

Bearing in mind that this suit is not brought to recover on, cancel or enforce any of the contracts Diners' has with retail liquor dealers, we find it stated in Injunctions, Sec. 164, 24–A Tex.Jur., that "The plaintiff in an action must be one who is injured in a property or civil right by the injunction defendant's wrongful act" and, in Sec. 168, Id., that "All persons against whom the injunction must run in order to make it effective and whose interests will be injuriously affected should be made parties defendant."

There is no requirement that all persons who are injured by the wrongful act complained of should be made parties plaintiff. It is enough that Diners', one such party, is plaintiff. There is no absence of indispensable parties, and this point is overruled.

The Board's final point is that the effect of the order appealed from is to enjoin it from performance of its duties in the administration of the Liquor Control Act, and hence is erroneous.

This point begs the questions to be decided, and as to which the Board expresses no opinion. If the order of June 30, 1960, enforcement of which has been enjoined, is, as Diners' contend, beyond the authority of the Board to issue, then the order is void. Enjoining the issuance and enforcement of void orders by the Board does not interfere with its statutory duties in administering the Liquor Control Act.

We have examined the Carp opinion, cited in footnote 1, and find it entirely consistent with our opinion herein. Administrative remedies such as were available in Carp were not open to Diners'.

The order appealed from is affirmed.

Affirmed.

---

1. We doubt if this question is before us in view of the rule that on an authorized appeal from an interlocutory order other interlocutory orders not appealable are not subject to review except as may be necessary to determine the validity of the order from which an appeal is taken. Texas State Board of Examiners in Optometry v. Carp, Tex., 343 S.W.2d 242, Texas Supreme Court.