**TEXAS LIQUOR CONTROL BOARD,
Appellant,**

v.

**Ben BACON et al., Appellees.**

No. 11695.

Court of Civil Appeals of Texas.

Austin.

July 2, 1969.

Rehearing Denied July 23, 1969.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Exec. Asst. Atty. Gen., W. V. Gep-

pert, Staff Legal Asst. Atty. Gen., Sam Kelley, Larry J. Craddock, Ralph R. Rash, Asst. Attys. Gen., for appellant.

Abney & Burleson, Dallas, Maloney, Black & Hearne, Thomas Black, Austin, for appellees.

HUGHES, Justice.

This suit was filed by Oak Cliff Country Club of Dallas and Ben Bacon, a member and President of the Club, appellees, against the Texas Liquor Control Board and its members, officially and individually, for a declaratory judgment and injunctive relief. We quote from the petition of appellees:

"Plaintiff Oak Cliff Country Club is the holder of a valid and subsisting private club registration permit issued by the defendants pursuant to Art. 666–15 (e), Vernon's Annotated Penal Code. Plaintiff Ben Bacon is a member of such club. Plaintiff Oak Cliff Country Club is located in a 'dry' area of Dallas County, Texas, and consequently plaintiff Bacon and its other members store alcoholic beverages for consumption under the 'locker system' provided under Article 666–15(e), Sec. 1.1(b). Plaintiff Bacon, like other members, purchases his alcoholic beverages in 'wet' areas and transports them to his locker at Oak Cliff Country Club primarily through the appointment of the manager of such club as an agent under an agency agreement, an unexecuted copy of which is attached hereto. When so purchased and transported by the agent, the liquor is stored, possessed and owned by the plaintiff Ben Bacon solely for his consumption and the consumption of his guests. This practice is followed by most other members of plaintiff Oak Cliff Country Club.

3. The defendants, their agents and employees, have taken the position as a matter of policy that members of a private club situated in a 'dry' area as is plaintiff Oak Cliff Country Club cannot purchase and transport liquor through an agent even though Art. 666–3a, Vernon's Texas Penal Code, defines a person as 'any natural person or association of natural persons, trustee, receiver, partnership, corporation, organization, or the manager, agent, servant, or employee of any of them,' and even though Art. 666–23a(1), Vernon's Texas Penal Code, provides 'that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal.' * * *

Acting pursuant to the erroneous and illegal policy, defendants have charged plaintiff Oak Cliff Country Club with a violation of the law and have scheduled a hearing for June 18, 1968, at 9:00 a.m., to determine whether said plaintiffs' license should be canceled or suspended solely because of the operations and activities alleged and described above."

After a non-jury trial, final judgment was entered from which we quote:

"It is therefore DECREED and DECLARED by this Court, pursuant to Article 2524–1, V.C.S. that the policy of Defendants that members of a private 'locker system' club situated in a 'dry' area as is Plaintiff Oak Cliff Country Club cannot employ a duly appointed agent to purchase alcoholic beverages in a 'wet' area on behalf of the members, where the sale thereof is legal, and transport same on their behalf to the premises of the Club, where the possession thereof is legal, which the Court finds to have been established as the policy of Defendant Texas Liquor Control Board, is contrary to applicable provisions of the Texas Penal Code and that accordingly such policy as announced and enforced by the Defendants is without statutory authority and such policy and its enforcement is illegal and void under the statutes and Constitution of the State of Texas.

The Court further finds that the Defendants, despite the pendency of this suit,

have continued to enforce such policy against Plaintiff Oak Cliff Country Club, and its employees and members, and is threatening to continue enforcement of such policy against Plaintiff Oak Cliff Country Club, its employees and members in the future, which conduct on the part of Defendants will result in irreparable harm and injury to the Plaintiffs for which there is no adequate remedies at law;

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the Defendant Texas Liquor Control Board, its individual members, agents and employees be, and they are hereby, permanently enjoined and restrained from enforcing the hereinabove described policy. The injunction and restraint herein ordered by the Court does not restrain the Texas Liquor Control Board from enforcing the provisions of the Texas Liquor Control Act or any of its policies other than the one hereinabove described nor does it enjoin or restrain the Texas Liquor Control Board from pursuing any administrative hearing or hearings or taking such act or acts as it may deem appropriate in such administrative hearings against the Plaintiff Oak Cliff Country Club except that said Board is enjoined and restrained permanently from cancelling or suspending the license or permit of said Plaintiff or taking any other administrative sanction against the Plaintiff on the ground that said Defendant is in violation of the hereinabove described policy."

This case is a companion case to our Cause No. 11,685, styled Texas Liquor Control Board v. Canyon Creek Land Corporation et al., Tex.Civ.App., 443 S.W.2d 308, this day decided and to the opinion in which we will refer for disposition of points there made which are identical with points here made.

■ Appellant's first point is that (1) this is a suit against the State, brought without its consent (2) the subject matter

of this suit and the parties are before the Board which has exclusive jurisdiction and (3) that Ben Bacon has no justiciable interest in this controversy.

Our opinion in Canyon Creek is referred to for disposition of the first sub-head.

■ As to the second sub-head, we hold that the pendency of administrative proceedings does not preclude the trial court from granting equitable relief under this record.

Art. 666, Sec. 14, subd. d, V.T.P.C., provides that an order, decision or ruling of the Texas Liquor Control Board or Administrator may be suspended or modified by the District Court pending a trial on the merits, but the final judgment of the District Court *shall not be modified or suspended pending appeal.* (Italics added).

Because of this provision of the statute regulating appeals under the Liquor Control Act it is our opinion that inadequacy of administrative procedures under the circumstances of this case is shown. Assuming an adverse decision by the Board and a judgment adverse to appellees in the district court, the resulting hardship to appellees would be of an irreparable character. The Club's license to operate under the Liquor Control Act would be suspended pending appeal and its members would be denied the privileges of the Club incident thereto, as well as suffer the confiscation of their liquor.

■ The merits of this case call for a construction of statutes, a pure question of law, and, such being the case, appellees were not required to exhaust administrative procedures before resorting to a court of equity. Passel v. Fort Worth Independent School District, 440 S.W.2d 61, Tex.Sup. (1969).

It is to be noted that the trial court has not enjoined penal prosecutions.

We overrule the contention that the Liquor Control Board has exclusive juris-

diction of this controversy and that this suit should await termination of proceedings before it.

■ We also hold that Ben Bacon has a justiciable interest in this suit. He is a member of the Club and has a right to enjoy all of its privileges, some of which are challenged by the Board in this proceeding. Mr. Bacon's liquor is subject to seizure if the Board continues to enforce its present policy. Also, Mr. Bacon would likely be subject to criminal prosecution if the Board's interpretation of the law is correct.

We overrule point one in its entirety.

■ Appellant's second point is the asserted error of the trial court in holding that an agent for a club member could lawfully transport liquor for consumption by his principal and his guests as outlined herein.

We overrule this point and refer to our opinion in Canyon Creek for our reasons.

Appellant's third point is the asserted error of the trial court in allowing appellees "to benefit from the filing of a sham pleading and in entering a permanent injunction and declaratory judgment upon a hypothetical set of facts which is uncertain, ambiguous and in a state of flux."

This point is far from specific, and is difficult to understand. It seems to be contended that the proceedings before the Board involved only oral appointment of agents by club members, whereas this suit involves written agency appointments.

The judgment of the court does not distinguish between oral and written agency appointments. We see no valid legal reason for distinguishing between them, although for practical reasons the written appointment would certainly offer more security for those involved. Point three is overruled.

■ Appellant's fourth point is, in effect, that declaratory relief is inappropriate here for the reason that it will not fully adjudicate all of the issues which have arisen or may arise between the parties.

We overrule this point.

■ There is an actual, real, bona fide and justiciable controversy between the parties the settlement of which will serve a useful purpose. In our opinion, the trial court properly exercised his discretion in entertaining and determining this suit even though it may not settle every question which has arisen or may arise between the parties. The declaratory judgment act should be liberally construed to achieve its aim.

By its fifth point, appellant complains that there is either no evidence or the evidence is insufficient upon which to base the judgment of the trial court.

We overrule this point.

Mr. Phillip Burleson, one of appellees' attorneys, testified to the manner in which members of the Appellee Club obtained liquor for consumption on the Club premises. He testified that he had executed an agency agreement on a form identical to that attached to appellees' petition, copied below;[3] that this form specified the kind

3.  "AGENCY AGREEMENT

This is my personal and individual authorization for _____ to purchase for me, or on my behalf, as my agent and servant, the following: _____

The foregoing items purchased by my agent and servant, shall be by him, transported and delivered directly to me, or to my locker, at the Oak Cliff Country Club,

located at 2200 West Red Bird Lane, Dallas, Dallas County, Texas. The foregoing items so purchased and so transferred shall be stored by me at the Oak Cliff Country Club, which is a 'bona fide private club' licensed by the State of Texas in accordance with Article 666-15 (e), Penal Code of Texas, for my use in accordance with Article 666-15(e) of the Penal Code of Texas.

of whiskey he desired; that he had seen many other Club members execute similar forms, including Ben Bacon. Mr. Burleson testified that he owned the liquor stored in his locker at the Club; that it became his when his agent purchased it; that the purchase price is charged to him at the Club immediately upon purchase; that the billing is on a monthly basis.

Reference is made to the opinion in Canyon Creek to testimony showing the policy of the Board which has been made the subject of the judgment herein. There is similar testimony here.

The evidence is sufficient, in our opinion, to show the practice of the Club and its members in the purchase and transportation of liquor by members through agents for the consumption by members and their guests, the Board's attitude toward this practice and the action of the Board taken with reference thereto.

The sixth, seventh and eighth points, briefed together, are the error of the trial court in holding that individual members of the Club have appointed agents to buy liquor for them, the error of the trial court in finding any harm would befall appellees if the relief sought not be granted, and the error in issuing an injunction without giving valid reasons therefor or describing the acts enjoined.

The testimony of Mr. Burleson, summarized under the preceding point, disposes of the first contention.

> After the above items are so purchased and transported in accordance with this agency/servant relationship, the same are not for the purpose of sale or re-sale, but for consumption by myself and/or my guest(s) in accordance with the statute governing 'bona fide private clubs.'

We have indicated in this case and also in Canyon Creek the injury and harm which would be sustained by appellees if appellant is not restrained from following its illegal policy. This injury and harm is, in our opinion, irreparable.

■ We refer to Canyon Creek for our discussion of the technical sufficiency of the injunctive order. Also, it has been held that Rule 683, Texas Rules of Civil Procedure does not apply to permanent injunctions insofar as it provides that the order shall state reasons for its issuance. Alexander Schroeder Lumber Co. v. Corona, 288 S.W.2d 829, Tex.Civ.App., Galveston, writ ref. n. r. e. (1956). The points under discussion are overruled.

■ Appellees contend that since the members of the Board were acting herein in their individual capacities and since they did not perfect an appeal, this appeal should be dismissed. We overrule this contention. It is the fact that the policy being pursued by the Board is not authorized by law which prevents this from being a suit against the State. Texas Highway Commission v. Texas Association of Steel Importers, Inc., 372 S.W.2d 525, Tex.Sup. (1963) The Board members in pursuing an illegal policy are acting as Board members albeit unlawfully.

The judgment of the trial court is affirmed.

Affirmed.

> If in the event the above described purchase and transportation are not in strict compliance with the above set forth conditions, then the above agent/servant relationship shall become null and void.
> DATED this the ___ day of _____, 19___.
>
> _____
> NAME OF MEMBER
> _____
> MEMBERSHIP NUMBER"