**TEXAS LIQUOR CONTROL BOARD,**
Appellant,

v.

**CANYON CREEK LAND CORPORATION**
et al., Appellees.

No. 11685.

Court of Civil Appeals of Texas.

Austin.

July 2, 1969.

Rehearing Denied July 23, 1969.

prescribed in Art. 666–15(e) Sec. 1, subd. 1(b); that each member of the Club purchases his alcoholic beverages in wet areas of the State and transports them to his locker at the club through an agent, principally the manager of the Club, authorized thereto in writing by the member; that such liquor when so purchased and transported is stored at the Club in the possession of the member who owns it. The Club alleges that the Board has taken the position that this practice is illegal and has implemented its position by charging the Club with a violation of the law because of such practice and has held a hearing to determine whether, because of such practice, its permit should be cancelled or suspended. The Club alleged the legality of the method practiced by its members and that irreparable damage will be sustained by the Club unless the Board was restrained from cancelling its permit on these grounds, and that its remedy at law was inadequate. It prayed for injunctive relief and for a declaratory judgment.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Exe. Asst. Atty. Gen., W. V. Geppert, Staff Legal Asst. Atty. Gen., Sam Kelley, Larry J. Craddock, Ralph R. Rash, Asst. Attys. Gen., for appellant.

Abney & Burleson, Dallas, Maloney, Black & Hearne, Thomas Black, Austin, for appellees.

The answer of the Board was, in substance, that this was a suit brought against the State without its consent, that the Board was vested with exclusive jurisdiction of the subject matter of this suit, that the suit was premature, and that the Club had an adequate remedy at law through the administrative proceedings.

HUGHES, Justice.

Canyon Creek Land Corporation, doing business under the name of Canyon Creek Country Club, its officers and members sued[1] the Texas Liquor Control Board alleging that it operates a country club in a "dry" area located in Collin County; that it holds a valid private club permit issued by the Board pursuant to the provisions of Art. 666–15(e), Vernon's Ann.Tex.P.C., and its members store alcoholic beverages at the Club for consumption by the member and his guests under the "Locker System"

The trial court, after a hearing, granted a temporary injunction enjoining the Board, its members, agents and employees from "pursuing a policy that members of a private 'locker system' Club situated in a 'dry' area * * * cannot employ a duly appointed agent to purchase alcoholic beverages on behalf of the members in a 'wet' area where the sale thereof is legal and transport the same on the members' behalf to the premises of said Club where the possession thereof is legal." The Board was also enjoined from cancelling or suspending the license or permit of the Club

---

1. River Lake County Club, Inc., was also a plaintiff. It was denied relief below and has not appealed.

on the basis of a violation of such policy, but the Board was not otherwise enjoined.

Appellant's first point is that this is a suit against the State without its consent to be sued and that the parties and the subject matter of this suit were before another forum having exclusive original jurisdiction of this controversy. As a factual basis for this point, appellant quotes from appellees' pleading, the substance of which we have stated.

■ If, as appellees contend, appellant is acting beyond the scope of its statutory authority, a matter we will determine infra, then this is not a suit against the State such as to require its consent. Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837 (1945), Texas Liquor Control Board v. Diners' Club, Inc., 347 S.W.2d 763, Tex.Civ.App., Austin, writ ref. n. r. e. (1961); Allen v. State, 410 S.W.2d 52, Tex.Civ.App., Houston (1st), no writ (1966); Texas Highway Commission v. Texas Association of Steel Importers, Inc., 372 S.W.2d 525 (Tex.Sup.1963).

As will be shown infra the proceedings before the Board do not involve the same facts as are here presented. It follows that there are no administrative proceedings pending which might hinder the court in this case.

■ Appellant's second point is that the trial court erred in enjoining it from enforcing the law, which it says prohibits an agent for a club member from transporting liquor for consumption by his principal, especially since this question is not before the Board in the proceedings before it which relate to Appellee Club.

Appellant directs our attention, under subsequent points, that the charge against the Club before the Board was that certain individuals as agents for the Club unlawfully transported liquor and that appellees commenced using the agency agreement involved herein after the Board's controversy with the Club arose.

This is correct; however, appellees alleged that the members of the Club buy and transport liquor, through agents, to the Club for consumption by the individual members and their guests, and that the position of the Board is that such arrangement is illegal and that the Board intends to implement its views to the irreparable damage of appellees. The evidence sustains these allegations.[2] The injunction which we are reviewing does not prohibit the Board from cancelling the license of the Club on the ground that agents for the Club have transported liquor for its members.

2. On August 13, 1968, the Liquor Control Board charged one James Willard Andrews, head bartender for Canyon Creek Country Club with transporting liquor in a wet area without first having procured a permit authorizing such transportation. For the liquor that was confiscated at that time, each member was "billed individually for every bit of liquor that was seized."

The policy of the Liquor Control Board was reaffirmed by Mr. James L. Steele, its supervising auditor from Dallas, Texas. He testified:

"Q Mr. Steele, are you familiar with the enforcement policies of the Texas Liquor Control Board?
A Yes, sir.
Q Is it the policy of the Texas Liquor Control Board to prohibit the purchase and transportation of liquor from a wet area into a dry area for the use of locker club operations by an agent?
A Yes, sir.
Q In other words, the T.L.C.B. believes that this has to be done by the particular member and not by his agent?
A It must be done by the individual.
Q By the individual member and not by an agent?
A Yes, that's right.
Q And that is the policy of the Board, is that correct?
A Yes."

Lynwood Elliott, an employee of the Board, testified "that when our men find a manager or an agent transporting liquor that he has not purchased for his own consumption, that they arrest him, file on him criminally, seize the liquor and the vehicle involved" even though he has an agency agreement from individual members of the club.

■ The basic question, the legality of the arrangement by which Club members appoint agents to buy and transport liquor, as above detailed, is argued under this point and we will dispose of it here. We believe the answer is found in the Liquor Control Act.

Sec. (1) of Art. 666–23a provides:

"(1) It is provided that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal."

Art. 666–3a of the Act provides, "The following definitions of words and terms shall apply as used in this Act: * * *

"(6) 'Person' shall mean and refer to any natural person or association of natural persons, trustee, receiver, partnership, corporation, organization, or the manager, agent, servant, or employee of any of them."

The Board cites Sub-sections 1(b) of Sec. 1, Art. 666–15(e) of the Act which reads:

"(b) 'Locker System' shall mean that system of alcoholic beverages storage whereby the club rents to its members lockers wherein the member may store alcoholic beverages for consumption by himself or his guests. All such alcoholic beverages so stored under the 'locker system' shall be purchased and owned by the member as an individual."

The Board says that this provision "does not contain the word 'person' and hence the statutory definition of 'person' is not relevant."

■ This contention is frivolous. The statute refers to a member as an individual. An individual is a person. If authority for this statement is needed, reference is made to all dictionaries.

■ The Board cites us to a withdrawn opinion by our Court of Criminal Appeals in Mayes v. State, 214 S.W.2d 791 (1948) as authority for holding that Sec. (1) of Art. 666–23a does not mean what it plainly provides. We cannot consider a withdrawn opinion as authority. Park v. Essa Texas Corp., 158 Tex. 269, 311 S.W.2d 228 (1958).

We hold, under the circumstances of this case, that a member of a club operating under the locker system may authorize an agent to buy and transport liquor from a place where its purchase is legal to his locker in the club where such possession by the member is legal.

■ Appellant's third point is that the trial court erred in not finding that appellees had an adequate remedy at law, also, that it is undisputed that appellees had an adequate remedy at law.

Rule 683, Texas Rules of Civil Procedure provides that every order granting an injunction shall set forth the reasons for its issuance. By implication, so the Board argues, this rule requires the Court to expressly find that appellees had no adequate remedy at law. The Court did not expressly find that appellees had no adequate remedy at law, but by implication this finding can be read into the order. The Court found that unless the temporary injunction was granted, appellees would suffer irreparable harm and injury. This, in our judgment is a sufficient finding that the remedy at law was inadequate. Point three is overruled.

Appellant's fourth and fifth points, jointly briefed, are that appellees neither pleaded nor proved that it had a probable right of recovery, that it pleaded its own violation of the law, that the facts show only a contract between parties not parties to this suit, and that the facts of this case were created after this controversy arose.

Appellant refers to evidence which shows that certain persons as agents for the Club transported liquor which was the basis of the charge against Appellee Club before the Board. The evidence also shows that the arrangement by which the members of

Appellee Club appointed agents to buy and transport liquor as shown herein was made after the charges were filed against Appellee Club before the Board.

It seems to us that appellant is attempting to turn this suit into something which it is not. This is not a suit to enjoin the Board from prosecuting or disposing of the charge made against the Club as above stated. It is a suit to enjoin the Board from implementing an announced plan of action which we have held illegal.

The testimony in this case shows, without dispute, that the practice of the Club when this suit was brought was to operate under the arrangement whereby a Club member appoints an agent to buy and transport liquor for him as hereinabove fully shown. What practice the Club may have followed in the past is not relevant to this present controversy. We are concerned only with the present practice of the Club and its members which the Board through its employee has stated was illegal and would be so treated.

Points four and five are overruled.

Point six is that the court erred in finding that members of the Club have appointed agents to purchase liquor for them.

Under this point appellant re-argues points four and five to the effect that the charge before the Board against the Club involves different facts. This is conceded. It simply has no bearing here.

■ Point seven is that there is no showing that appellees would suffer irreparable harm if the injunction were not granted.

This point is overruled. The essence of this point has been considered in discussing other points. Irreparable harm would certainly follow if the Board takes indicated action against the Club and its members and their agents.

Point eight is that the order of the court enjoining the Board gave no reasons therefor and did not adequately describe the acts enjoined. This point is overruled.

In its order the Court found that the Board was pursuing a policy that the purchase and transportation of liquor by agents of Club members, describing the policy in detail, was illegal; the court found that such policy was illegal and that the practice of the members of the Club in appointing agents for themselves to buy and transport liquor, fully describing the practice, was legal and that irreparable harm and injury would result unless the Board was enjoined from interfering with such practice. The order then enjoined the Board, its members, agents and employees from enforcing the policy which it had previously and particularly described.

We believe the order of the court is in compliance with the law. It is full. It is plain. It is specific. Furthermore, it is correct.

We affirm the order from which this appeal is taken.

Affirmed.