ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 14, 2008

The Honorable A.J. Hartel
Liberty County Attorney
Post Office Box 9127
Liberty, Texas 77575-9127

Opinion No. GA-0627

Re: Whether, under Tax Code section 6.035 or 6.05(g), the Liberty County Central Appraisal District Board of Directors may contract with an appraisal company that employs the son of the District's chief appraiser (RQ-0650-GA)

Dear Mr. Hartel:

You ask whether the Liberty County Central Appraisal District (the "District") may contract with an appraisal company that employs the son of the District's chief appraiser.[1] You explain that the District's board of directors contracts with an independent appraisal company to appraise certain "unique or complex properties within" the District's jurisdiction.[2] This year, according to your letter, the District is considering contracting with a for-profit company that employs the son of the District's chief appraiser. *See* Request Brief, *supra* note 2, at 1. You indicate that, although the son is an employee, he does not intend to perform work under the contract:

> The son is an employee of the appraisal company and does not have any ownership interest in the appraisal company at this time. The son does not intend to perform any of the work associated with the contract if the company were to get the contract; the contract would be fulfilled by other employees of the company. The son does receive
>
> a salary from the company and it is safe to assume that the majority of his income comes from his salary from the appraisal company.

*Id.*

---

[1]*See* Letter from Honorable A.J. Hartel, Liberty County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (received Nov. 27, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Brief from Honorable A.J. Hartel, Liberty County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Nov. 20, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Brief].

You state that "two sections of the Tax Code"—sections 6.035(a)(1) and 6.05(g)—"raise possible concerns" in this situation. Request Letter, *supra* note 1, at 1; *see also* TEX. TAX CODE ANN. §§ 6.035(a)(1) (Vernon 2001) ("Restrictions on Eligibility and Conduct of Board Members and Chief Appraisers and Their Relatives"), 6.05(g) (Vernon Supp. 2007) ("Appraisal Office"). We consider each statute in turn.[3]

## I.     Tax Code Section 6.035

Section 6.035(a)(1) of the Tax Code disqualifies from employment as an appraisal district's chief appraiser an individual who

> is related within the second degree by consanguinity or affinity, as determined under Chapter 573, Government Code, to an individual who is engaged in the business of appraising property for compensation for use in proceedings under this title or of representing property owners for compensation in proceedings under this title in the appraisal district . . . .

TEX. TAX CODE ANN. § 6.035(a)(1) (Vernon 2001); *see also* TEX. GOV'T CODE ANN. ch. 573 (Vernon 2004) ("Degrees of Relationship; Nepotism Prohibitions"). A chief appraiser who remains employed knowing that an individual related to the appraiser within the second degree by consanguinity or affinity "is engaged in the business of appraising property for compensation for use in proceedings under this title or of representing property owners for compensation in proceedings under this title in the appraisal district in which the . . . chief appraiser is employed" commits a criminal offense. TEX. TAX CODE ANN. § 6.035(b) (Vernon 2001).

Under Government Code chapter 573, a parent and son are related to each other within the first degree by consanguinity. *See* TEX. GOV'T CODE ANN. § 573.023(c)(1) (Vernon 2004); *see also id.* § 573.022(a) (stating that two individuals are related by consanguinity if one individual is descended from the other or the two individuals share a common ancestor); *id.* § 573.022(b) ("An adopted child is considered to be a child of the adoptive parent . . . ."); *id.* § 573.023(a) ("The degree of relationship by consanguinity between an individual and the individual's descendent is determined by the number of generations that separate them.").

Consequently, section 6.035(a)(1) disqualifies the chief appraiser from continued employment in that position if the chief appraiser's son "is engaged in the business of appraising property for compensation for use in proceedings under [Tax Code title 1] or of representing property owners for compensation in proceedings under [Tax Code title 1] in the appraisal district." TEX. TAX CODE ANN. § 6.035(b) (Vernon 2001). The fact that the son would not perform work under his employer's contract with the District is not dispositive if the son is engaged in appraising other

---

[3]Your request letter raises only Tax Code sections 6.035 and 6.05. *See generally* Request Letter, *supra* note 1. We limit our response to the statutes you raise.

property "for compensation for use in proceedings under" title 1 or in representing other property owners "for compensation in proceedings under" title 1 "in the appraisal district."

You do not explain the nature of the work the chief appraiser's son does for the company. *See generally* Request Letter, *supra* note 1; Request Brief, *supra* note 2. Accordingly, we cannot determine whether he is "engaged in the business of appraising property for compensation for use in proceedings under [title 1, Tax Code] or of representing property owners for compensation in proceedings under [title 1, Tax Code] in the appraisal district." The decision must be made in the first instance by the District. If the District finds that the chief appraiser's son is "engaged in the business of appraising property for compensation for use in proceedings under [title 1, Tax Code] or of representing property owners for compensation in proceedings under [title 1, Tax Code] in the appraisal district," then the chief appraiser is disqualified from employment with the appraisal district. We turn next to Tax Code section 6.05.

## II.    Tax Code Section 6.05

Under section 6.05(g), a chief appraiser is an officer of the appraisal district for purposes of Government Code chapter 573, which prohibits nepotism. TEX. TAX CODE ANN. § 6.05(g) (Vernon Supp. 2007); *see also* TEX. GOV'T CODE ANN. ch. 573 (Vernon 2004). This section prohibits an appraisal district from employing or contracting with "an individual . . . who is related to the chief appraiser within the first degree by consanguinity or affinity, as determined under chapter 573, Government Code." TEX. TAX CODE ANN. § 6.05(g) (Vernon Supp. 2007). As we have stated in connection with section 6.035, the chief appraiser and his son are related within the first degree by consanguinity. *See supra* p. 2; *see also* TEX. GOV'T CODE ANN. § 573.023(c)(1) (Vernon 2004) (stating that a parent and child are related within the first degree by consanguinity). The issue, therefore, is whether the contract is with "an individual" related to the chief appraiser within the first degree by consanguinity—that is, the chief appraiser's son.

Neither section 6.05 nor any relevant definitional section of the Tax Code defines the term "individual." *See* TEX. TAX CODE ANN. § 1.04 (Vernon Supp. 2007) (defining terms for Tax Code title 1); *id.* § 6.05. *See generally id.* ch. 6 (Vernon 2001 & Supp. 2007) ("Local Administration"). In addition, the Code Construction Act, Government Code chapter 311, does not generally define the term. *See* TEX. GOV'T CODE ANN. § 311.005 (Vernon 2005) (providing general definitions for the Texas codes). Typically, statutory words must be "read in context and construed according to . . . common usage." *Id.* § 311.011(a). We deduce from the context of section 6.05(g) itself that an individual is someone who can be "related to the chief appraiser" and can have a spouse. TEX. TAX CODE ANN. § 6.05(g) (Vernon Supp. 2007). Various Texas statutes define the term "individual" as "a natural person" or "a human being." *See, e.g.*, TEX. BUS. ORG. CODE ANN. § 1.002(38) (Vernon 2007); TEX. INS. CODE ANN. §§ 4001.003(5), 6002.002(5), 6003.001(3) (Vernon 2007); TEX. PENAL CODE ANN. § 1.07(26) (Vernon Supp. 2007). This is consistent with the word's common meaning, denoting a single person as opposed to a group or corporate person. *See Tex. Liquor Control Bd. v. Canyon Creek Land Corp.*, 443 S.W.2d 308, 311 (Tex. Civ. App.—Austin 1969) (stating that an individual is a person), *rev'd on other grounds*, 456 S.W.2d 891 (Tex. 1970); BLACK'S LAW DICTIONARY 777 (7th ed. 1999) (defining "individual" as "[o]f or relating to a single person or thing,

as opposed to a group"); *cf. Tex. A&M Univ.—Kingsville v. Lawson*, 127 S.W.3d 866, 874 (Tex. App.—Austin 2004, pet. denied) (stating that the University is not an individual); *Nguyen v. Morales*, 962 S.W.2d 93, 95 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (stating that an estate cannot be an individual); *State v. Bodish*, 775 S.W.2d 73, 75 (Tex. Civ. App.—Austin 1989, writ denied) (stating that neither the State nor a prosecutor council is an individual). We accordingly conclude that the word "individual" in section 6.05(g) refers to a single natural person.

The contract you describe would be entered between the District and the son's employer, an appraisal company. *See* Request Brief, *supra* note 2, at 1–2. The contract would not be with an individual. Moreover, even if the son's employer is a natural person, the contract would be between the District and the employer. In neither case would the contract be with the son. *See id.* at 2. In sum, because the contract would not be with an individual who is related to the chief appraiser, section 6.05(g) would not apply.

## S U M M A R Y

Tax Code section 6.035(a) disqualifies from employment as a chief appraiser an individual who is related within the second degree by consanguinity "to an individual who is engaged in the business of appraising property for compensation for use in proceedings under [title 1, Tax Code] or of representing property owners for compensation in proceedings under [title 1, Tax Code] in the appraisal district." Whether a chief appraiser's son is, in particular circumstances, "engaged in the business of appraising property for compensation for use in proceedings under [title 1, Tax Code] or of representing property owners for compensation in proceedings under [title 1, Tax Code] in the appraisal district" is a question of fact.

Tax Code section 6.05(g) prohibits an appraisal district from employing or contracting with "an individual . . . who is related to the chief appraiser within the first degree by consanguinity." An individual for purposes of section 6.05(g) is a natural person. Section 6.05(g) does not prohibit a contract with an appraisal company that employs the chief appraiser's son.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee