CITY OF AMARILLO ET AL V. CLARK HANCOCK.

No. A-2941. Decided March 28, 1951.
Rehearing overruled June 13, 1951.
(239 S. W., 2d Series, 788.)

232

*Monning & Monning* and *Ben Monning, Jr.,* all of Amarillo, for petitioners.

Under the terms of Article 1269m, R.C.S., respondent, plaintiff below, was precluded from appeal in this case, since none was provided for, and hence the district court was without

jurisdiction to try same. Eubanks v. Akers, 197 S.W. 2d 370; Williams v. City of New York Ins. Co., 210 S.W. 2d 219, writ of error refused no reversible error, by the Supreme Court, 146 Texas 673; Hartford Acc. & Indem. Co. v. Jackson, 201 S.W. 2d 265, writ of error refused, no reversible error, 145 Texas 693.

*Simpson, Clayton & Fullingim,* and *Cleo G. Clayton, Jr.,* all of Amarillo, for respondent.

Article 1269m., R.C.S., did not preclude judicial review of the order of the civil service commission of the City of Amarillo which demoted plaintiff from his position as Captain of the Fire Department of said city. Trapp v. Shell Oil Co., 145 Texas 323, 198 S.W. 2d 424; Jones v. Marsh, 148 Texas 362, 224 S.W. 2d 198; Hawkins v. Texas Co., 146 Texas 511, 209 S.W. 2d 338.

MR. JUSTICE WILSON delivered the opinion of the Court.

The Chief of the Fire Department of the City of Amarillo recommended to the Civil Service Commission of that city that a certain Captain Clark Hancock be demoted from captain to driver. After a hearing, the Civil Service Commission entered a demotion order. Subsequently, Clark Hancock filed this suit as plaintiff in the district court seeking a judicial review of the act of the Civil Service Commission and a judgment restoring him to the rank of captain. The trial court took jurisdiction, heard the evidence without a jury, determined that he was demoted without just cause and entitled to be reinstated as captain and entered its judgment accordingly. The City appealed to the Court of Civil Appeals which affirmed the judgment below, 233 S. W. 2d 339. The City of Amarillo was granted a writ of error.

Amarillo is an incorporated home-rule city. At a special election it adopted the civil service law listed as Art. 1269m in Vernon's Ann. Civ. Stats. The constitutionality of Art. 1269m is not put in issue by either party and is not discussed or considered, although urged in amici curiae briefs.

■ Sections 16, 16a and 17 of Art. 1269m concern suspensions and dismissals of personnel of the fire department. Section 18 provides for an appeal to the district court to be filed within ten days and thus clearly grants judicial review for either a suspension or dismissal. Plaintiff did not file his appeal from the demotion order within ten days. He takes the position that

Section 18 should not be construed to apply to demotions. The decision of this point is necessary to this case because, if Section 18 applies, clearly he did not file in time. We agree with plaintiff that Section 18 is not applicable to demotions.

Section 19 provides the procedure for demotions before the Civil Service Commission but does not provide for an appeal to the district court. Plaintiff contends that he has an inherent right of appeal to the district court and that he may file his suit at any time within the Statute of Limitations. The Court of Civil Appeals sustained his contention and held that there is an inherent right to a judicial review of a decision by an administrative tribunal.

When the legislature creates an administrative agency, the legislature may prescribe rules and regulations governing the administrative body and the method by which the rights determined by such body shall be enforced. Judicial review of administrative action may be specifically provided, Fire Dept. of City of Ft. Worth v. City of Ft. Worth, 147 Texas 505, 217 S. W. 2d 664, or specifically denied by the legislature, but even where judicial review is specifically provided it will be denied if the legislature requires the court to substitute itself for the administrative body and perform purely administrative acts. Board of Equalization of the City of Ft. Worth v. McDonald, 133 Texas 521, 129 S. W. 2d 1135; Fire Dept. v. City of Ft. Worth, supra. Or the legislature may simply be silent upon the subject. Although the legislature specifically denies judicial review, decisions of an administrative body may be attacked in court if they violate some provision of the State or Federal Constitution. Stockwell v. State, 110 Texas 550, 221 S. W. 932, 12 A.L.R. 1116; Rowland v. City of Tyler, Com. App., 5 S. W. 2d 756. But all other decisions of such an administrative body which do not affect vested property rights or otherwise violate some constitutional provision are valid, and the mere fact that the legislature has denied judicial review does not invalidate them. Switchmen's Union of N. A. v. Nat. Mediation Bd., 320 U. S. 297, 64 Sup. Ct. 95, 88 L. Ed. 61; Texas Highway Com. v. El Paso Bldg. & Const. Tr. Coun., 149 Texas 457, 234 S. W. 2d 857. The corollary of this proposition is that the courts should recognize an inherent right of appeal from an administrative body created by an act silent on the question of appeal *only* where the administrative action complained of violates a constitutional provision. Darling Apartment Co. v. Springer, 25 Delaware Ch. 420, 22 Atl. 2d 397, 137 A.L.R. 805. The courts in some instances assume jurisdiction to review administrative

action even though the legislature did not provide it in order that the administrative body may function where without the right of appeal the courts would have been forced to strke down the entire edifice. But such an assumption of jurisdiction is properly limited to administrative action which may violate some constitutional provision, for the courts should carefully restrict their jurisdiction to that clearly granted or necessarily implied from the Constitution and specific acts of the legislature. The case of White, Mayor, v. Bolner, C. C. A., 223 S. W. 2d 686, writ refused, was correctly decided upon the grounds that constitutional rights in an appointive office were adversely affected by administrative action. The courts are the last refuge of the citizen against usurpation of power by public officials. They should be doubly careful that they themselves do not extend their jurisdiction beyond that granted by the Constitution or legislature.

■ So, in order to sustain the jurisdiction of the district court here, plaintiff must bring himself within the protection of the due process clause. To do that, the right affected adversely here by the action of this administrative body must be a vested property right. Thus we are brought to the question:

■ Does plaintiff have a vested property right in his captaincy in the Amarillo Fire Department?

The answer is "No".

Clearly plaintiff had no vested property right in his captaincy before the passage of the Civil Service Act in question (Art. 1269m). He could be employed, promoted, demoted, or discharged within the judgment and discretion of his department head. Therefore, we will briefly examine each section of Art. 1269m to demonstrate that it did not create in plaintiff a vested property right in his captaincy.

Section 1 establishes a Firemen's and Policemen's Civil Service.

Section 2 defines a fireman.

Section 3 establishes a Civil Service Commission.

Sections 4, 5, 5a, 6 and 7 provide for the organization and procedure of the Civil Service Commission and grant the commission the power to make rules for the conduct of its busi-

ness, including the employment, promotion, demotion, suspension and discharge of firemen.

Section 8 provides that the City Council shall classify firemen by rank and establish each provision to be filled.

Section 9 provides that vacancies shall be filled from "eligibility lists" of men who have passed examinations.

Sections 10 and 11 provide that whenever a vacancy shall occur the Commission shall furnish the department head with an "eligibility list" made up according to the grades received on the examination. In general, the department head must go down the list by grade.

Section 12 provides that the first six months service of a fireman shall be a probationary period.

Section 13 provides regulations governing examinations.

Section 14 empowers the Commission to promulgate rules and regulations governing promotion, examinations, appeals from the grading thereof, etc.

Section 16 provides for disciplinary suspensions.

Section 16a provides that the purpose of the law is to secure efficient and capable firemen and policemen, free from political influence, and with permanent tenure of employment.

Section 17 provides a procedure before the Commission.

Section 18 provides for appeal to the district court from an order of suspension or discharge.

Section 19 provides for demotions and the proper procedure, but does not provide an appeal to the district court.

Section 20 concerns disciplinary suspension.

A portion of Section 21 is as follows:

"In the event that any position in the Fire Department or Police Department is vacated or abolished by ordinance of the City Council, or legislative body, the employee holding such position shall be demoted to the position next below the rank of the position so vacated or abolished; provided that when any

position or positions of equal rank may be abolished or vacated, the employee or employees with the least seniority in the said rank shall be the one or ones who are demoted. In the event positions in the lowest classifications are abolished or vacated, and it thereby becomes necessary to dismiss employees from the Department, the employee with the least seniority shall be dismissed. * * "

Section 22 prohibits political activity.

Section 23 provides for the publication of rules and regulations of the Commission.

Section 24 is a saving clause.

Section 25 provides penalties for violation.

Section 26 provides for sick leave.

Section 27 prohibits strikes.

Sections 27a and 27b provide the procedure a city must follow to adopt the Act.

Section 28 repeals all legislation in conflict and contains the standard saving clause on constitutionality.

Under Section 8, the city council, a body with delegated legislative power, has the power to create positions, adopt the Civil Service Commission classification plan, set the rate of pay and abolish positions. When studied in its entirety, it will be seen that the effect of the act is to establish certain standards of employment, to prohibit political activity and to create permanency of tenure by establishing a board to review the action of the department head in hiring, promoting, demoting and discharging. A civil service commission does not have power to create positions or ranks or to fix basic rates of pay and may not act in any matter affecting a fireman until the department head has acted.

The City of Amarillo may abolish the particular captain's position which plaintiff occupies or all captains' positions, for that matter, or the rank of captain entirely. This being true, a captaincy in the Fire Department of the City of Amarillo under Art. 1269m is not property and the right to it is not a property right protected by due process. Consequently, there is no in-

herent right to a judicial review of an order of demotion by the Civil Service Commission duly entered after proper procedure. The legislature conferred a benefit in providing that only the Civil Service Commission may demote and in doing so the legislature itself has fixed the limit of the benefit.

No contention is made here that the City of Amarillo failed to follow the proper administrative procedure, as in the case of The City of Dallas v. McDonald, Sup. Ct., 98 S. W. 2d 167, on rehearing 130 Texas 299, 107 S. W. 2d 987. We do not pass upon the question of whether a failure upon the part of the city to follow the prescribed Civil Service procedure in a demotion is subject to attack in court because that question is not before us. Neither is it necessary for us to pass in this case upon the question of whether the legislature could grant an appeal to the courts from a demotion order, since the legislature has not done so.

■ The record shows that Captain Clark Hancock has served in the Fire Department of the City of Amarillo for many years and both the trial court and the Court of Civil Appeals found that he had been unjustly demoted. Since we have determined that the district court had no jurisdiction it becomes unnecessary for us to consider whether he was unjustly demoted. Accordingly, the judgment of the district court and the Court of Civil Appeals are reversed and it is ordered that the case be dismissed for want of jurisdiction.

Opinion delivered March 28, 1951.

Rehearing overruled June 13, 1951.