**TEXAS LIQUOR CONTROL BOARD,
Petitioner,**

v.

**CANYON CREEK LAND CORPORATION,
Respondent.**

**TEXAS LIQUOR CONTROL BOARD,
Petitioner,**

v.

**Ben BACON et al., Respondents.**

**Nos. B-1733, B-1734.**

Supreme Court of Texas.

July 8, 1970.

Rehearing Denied July 29, 1970.

————◆————

Crawford C. Martin, Atty. Gen., Ralph Rash, Asst. Atty. Gen., Austin, for petitioner.

Abney & Burleson, Phil Burleson, Dallas, Maloney, Black & Hearne, Thomas Black, Austin, for respondent.

WALKER, Justice.

These are companion cases in which plaintiffs seek declaratory and injunctive relief to prevent the Texas Liquor Control Board and its members from attempting to enforce a particular interpretation of the Texas Liquor Control Act. Art. 666–1 et seq., Vernon's Ann.P.C.[1] We hold that neither remedy is appropriate under the circumstances.

One of the suits was brought by Canyon Creek Land Corporation, its officers and members. The other was instituted by Oak Cliff Country Club and Ben Bacon, a member and President of the club. Canyon Creek and Oak Cliff hold private club permits issued by the Board under the Act, and each is located in a "dry" area. They are required to operate under the "locker system," and Art. 666–15(e) provides that:

" 'Locker System' shall mean that system of alcoholic beverages storage whereby the club rents to its members lockers wherein the member may store alcoholic beverages for consumption by himself or his guests. All such alcoholic beverages so stored under the 'locker system' shall be purchased and owned by the member as an individual."

According to the Board's construction of this statute, the members of a private "locker system" club may not legally employ an agent to purchase alcoholic beverages for them in a "wet" area where the sale is legal and transport the same to the premises of the club where possession is legal. In their pleadings, briefs, and questions propounded to witnesses, plaintiffs refer to this interpretation as a "policy" of the Board. They insist that the Board's interpretation is incorrect in view of other provisions of the Act,[2] and that is the question they wish to have resolved in the present suit.

The suit filed by Oak Cliff et al has been tried on the merits, and judgment was rendered by the trial court declaring that the Board's interpretation of the Act is incorrect and permanently enjoining the Board from cancelling or suspending Oak Cliff's license for violation of the "policy." The Court of Civil Appeals affirmed. 443 S.W.2d 312. In the other case Canyon Creek et al were granted a temporary injunction restraining the Board from enforcing the "policy" during the pendency of the suit, and the Court of Civil Appeals affirmed. 443 S.W.2d 308. We reverse, dissolve the temporary injunction, and dismiss the case that has been tried on the merits.

Our problem is complicated somewhat by the fact that license suspension proceedings against Canyon Creek and Oak Cliff were pending before the Board when the suits were filed. The outcome of these administrative proceedings may or may not turn on the question plaintiffs would have us decide. The proceeding against Canyon

1. Except as otherwise indicated, all statutes are referred to by the article number under which they appear in Vernon's Annotated Texas Penal Code.

2. Particularly Articles 666–3a and 666–23a.

Creek which was filed on August 13, 1968, is based on a charge that its agent, servant and employee, James Willard Andrews, unlawfully transported liquor on July 11, 1968. Several months earlier, a brief mimeographed form for use in appointing someone as agent to purchase alcoholic beverages was circulated to the members of Canyon Creek. Many of these forms were signed and returned by the members. After the filing of the license suspension proceeding, Canyon Creek prepared more elaborate written forms of an instrument for execution by its members authorizing the manager of the club, as their agent, to purchase, transport and deliver alcoholic beverages to the club. Thereafter on September 9, 1968, a hearing on the charges was held by the Board. The suit was filed about a month later, and no further action has been taken in the administrative proceeding.

The proceeding against Oak Cliff, which was filed on June 6, 1968, is based on a number of charges of possession and storage of alcoholic beverages in violation of the Act. These charges grew out of an investigation of the club by representatives of the Board on April 18, 1968. After completion of the investigation and prior to filing of the administrative proceeding, forms were prepared for execution by the members authorizing the manager of the club, as their agent, to purchase and transport alcoholic beverages to the club. Suit was filed and a temporary restraining order issued on June 13, 1968, and no action has been taken in the administrative proceeding.

Criminal charges were subsequently filed against Byrl Ware, an employee of Oak Cliff, for illegal transportation of alcoholic beverages on July 19, 1968. License suspension proceedings based on the same incident were also instituted against Oak Cliff, and suit was filed for forfeiture of the automobile Ware was driving and the alcoholic beverages he was transporting at the time. The record is not entirely clear, but the question of statutory construction in which plaintiffs are interested may be squarely presented in both of those proceedings.

 It should be emphasized at the outset that we are dealing with a penal statute. The civil courts are not powerless to interpret the same, but its meaning and validity should ordinarily be determined by courts exercising criminal jurisdiction. Passel v. Ft. Worth Ind. Sch. Dist., Tex.Sup., 440 S. W.2d 61; State v. Shoppers World, Inc., Tex.Sup., 380 S.W.2d 107. The Board was created by the Legislature to administer the Act, with the duty to investigate and aid in the prosecution of violations and the power to grant, suspend or cancel permits or licenses. See Art. 666-6. It follows, we think, that the civil courts should not interfere with the day-to-day operations of the Board unless there are compelling reasons for doing so. See Texas State Board of Examiners in Optometry v. Carp, 162 Tex. 1, 343 S.W.2d 242.

 These are not cases in which injunctive relief is proper, and the trial courts erred in granting the same. The Board and its employees are attempting to enforce the statute through administrative license suspension proceedings, criminal charges, and suits for forfeiture. It is well settled that a court of equity will not interfere with the attempted enforcement of a criminal statute in this manner unless the statute is unconstitutional and its enforcement will result in irreparable injury to vested property rights. City of Fort Worth v. Craik, Tex.Sup., 411 S.W.2d 541. There is no claim here that the statute is unconstitutional, and it is our opinion that the various proceedings instituted by the Board do not threaten immediate and irreparable injury.

Plaintiffs doubtless urged their construction of the statute at the hearing that has been conducted and will be free to do so in the ones that are yet to be held. If the Board concludes that the Act has been

violated, it may but is not required to cancel or suspend the permits. If the permits are revoked or suspended, the clubs have the right of appeal to the district court. The decision of the Board may be suspended or modified by the district court pending a trial on the merits. Art. 666–15(e). The owner is not authorized to replevy alcoholic beverages that are seized but the proceeds of their sale must be placed in escrow in a suspense account and refunded to the alleged violator if not forfeited in a suit brought for that purpose. The statute also provides that the person legally entitled to possession at the time of seizure may recover from the State the fair market value of any alcoholic beverages that are illegally seized and sold. Arts. 666–30 and 666–42.

 Art. 666–15(e) further provides that the judgment of the district court in a license suspension proceeding shall not be modified or suspended pending appeal. Plaintiffs insist that the remedy of appeal is thus wholly inadequate and that injunctive relief was therefore proper. We do not agree. A permit to operate as a private club is not a vested property right but is a privilege that is granted and enjoyed subject to regulations prescribed by the Legislature. Art. 666–13; State v. Bush, 151 Tex. 606, 253 S.W.2d 269. The lawmakers could, therefore, have provided that there would be no appeal from the decision of the Board in an ordinary license suspension proceeding. City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788. The full right of appeal has been granted here but with the proviso that the decision of the district court shall not be suspended pending review by the appellate courts. This is a matter for determination by the Legislature, and a court of equity is not authorized to intervene simply because it concludes that enjoyment of the privilege should be protected during an appeal from the decision of the district court.

 Turning now to the declaratory judgment feature of the case, we have pointed out that the two administrative proceedings instituted before the filing of these suits, hereinafter referred to as the pending proceedings, may or may not turn on a construction of the statute. It is necessary to consider both of these possibilities. As a general rule, an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action. See Pickens v. Hidalgo County Water Control and Imp. Dist., Tex.Civ. App., 284 S.W.2d 784 (no writ); Cheese Makers Mut. Cas. Co. v. Duel, 243 Wis. 406, 10 N.W.2d 125, 129; 1 Anderson, Actions for Declaratory Judgments, 2d ed. 1951, § 209; 22 Am.Jur.2d Declaratory Judgments § 16. In our opinion this general rule is particularly applicable where, as here, the construction of a penal statute is in issue and a privilege rather than a personal or property right is at stake in the other proceeding. In so far as the declaratory judgment is sought for guidance of the Board in the pending proceedings, we hold that the trial court should have declined to exercise jurisdiction.

 Plaintiffs insist that declaratory judgment is nevertheless a proper remedy here, because there is little chance that the statute will be construed in an appeal from the action of the Board in the pending proceedings. As pointed out in Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, an action for declaratory judgment is neither legal nor equitable but is sui generis. The existence of another remedy that might be entirely adequate does not necessarily deprive the court of jurisdiction to grant declaratory relief. In this instance, however, we are concerned only with the interpretation of a penal statute, and the Board has issued no directive or rule affecting plaintiffs. Cf. Passel v. Ft. Worth Ind. Sch. Dist., Tex.Sup., 440 S.W.2d 61; Texas Liquor Control Board v. Diners Club, Inc., Tex.Civ.App., 347 S.W.2d 763 (wr. ref. n. r. e.). It has simply interpreted the statute and is attempting to enforce the same

as so interpreted by the institution of administrative, criminal and forfeiture proceedings. All of the actions taken are strictly in accordance with its duties as prescribed by the Legislature, and plaintiffs have an adequate remedy if any order adverse to their interests is entered.

The question of statutory construction in which plaintiffs are interested affects not only the operation of private "locker system" clubs but also has an important bearing on enforcement of the law prohibiting transportation of alcoholic beverages in a dry area. It is our opinion that under all the circumstances mentioned the procedures prescribed by the Legislature should not be circumvented or delayed by the prosecution of a declaratory judgment action to obtain a construction of the penal statute by the civil courts. The considerations that lead courts of equity to deny injunctive relief against enforcement of the criminal laws apply with equal force to an action for a declaratory judgment construing a penal statute. In so far as plaintiffs are seeking a declaratory judgment for the purpose of overturning the administrative interpretation of the statute so that no further proceedings will be instituted against them, we hold that the facts of these cases do not warrant an exercise of jurisdiction by a civil court. See Bean v. Town of Vidor, Tex.Civ.App., 440 S.W.2d 676 (wr. ref. n. r. e.); City of Amarillo v. Griggs Southwest Mortuary, Inc., Tex.Civ.App., 406 S.W.2d 230 (wr. ref. n. r. e.); Malone v. City of Houston, Tex.Civ.App., 278 S.W.2d 204 (wr. ref. n. r. e.); Stecher v. City of Houston, Tex. Civ.App., 272 S.W.2d 925 (wr. ref. n. r. e.). Cf. Dodgen v. Depuglio, 146 Tex. 538, 209 S.W.2d 588.

In Cause No. B–1733, Texas Liquor Control Board v. Canyon Creek Land Corporation, the judgments of the courts below are reversed and the temporary injunction is dissolved. In Cause No. B–1734, Texas Liquor Control Board v. Ben Bacon et al, the judgments of the courts below are reversed and the cause is dismissed without prejudice.