**Robert G. HOLSTON, D.O., Appellant,**

v.

**L. E. SLOAN, et al., Appellees.**

No. 7035.

Court of Civil Appeals of Texas, El Paso.

Aug. 12, 1981.

Dan Sullivan, Andrews, for appellant.

Shafer, Gilliland, Davis, McCollum & Ashley, Inc., James M. O'Leary, Odessa, for appellees.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

In this administrative law case, Appellant sought relief in the District Court from an order of the Board of Managers of Ward Memorial Hospital which suspended him from privileges at the Hospital. The trial Court denied any relief. We affirm.

Appellant's active staff membership at Ward Memorial Hospital was summarily suspended after he had been admitted to the Hospital with an apparent drug overdose. Following that suspension, he was accorded a hearing before a Medical Staff Committee, composed of two doctors, under the authority of the by-laws of the Hospital. One doctor recommended that his suspension be made permanent, and the other recommended that his suspension be temporary, pending treatment and certification that he had no problem with drugs. Thereafter, he demanded and received a judicial review before the Board of Managers of Ward Memorial Hospital. Following such hearing, the Board of Managers voted that his suspension of Medical Staff privileges be made permanent, and that his appointment to the Medical Staff be terminated. Appellant then brought this suit, alleging that the decision of the Board of Managers was arbitrary, unreasonable and capricious, and was not supported by substantial evidence, and that he was denied substantive due process of law under the Constitutions of the State of Texas and the United States.

Appellant's single Point of Error is that the trial Court erred in deciding this action on the basis of the transcript of the proceedings held before the Committee of the Medical Staff and the transcript of proceedings held before the Appellate Review Committee of the Hospital Board of Managers rather than considering a new record made before the trial Court. At the commencement of trial, Appellant sought, and the Court refused, a trial de novo under the substantial evidence rule.

Judicial review of the various administrative agencies has, in some instances, been specifically provided for and, in others, specifically denied by the legislature. Ward Memorial Hospital is a county hospital, organized and existing under the authority of

Article 4478 *et seq.*, Tex.Rev.Civ.Stat.Ann., and provides no procedure for appeal from the action of such administrative body. In such a situation, our Supreme Court has held that an inherent right of appeal from an administrative body, created by an act silent on the question, will be recognized only where the administrative action complained of violates a constitutional provision. *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788 (1951); *Firemen's and Policemen's Civil Service Commission of City of Fort Worth v. Kennedy*, 514 S.W.2d 237 (Tex.1974). The question, then, is whether the action of the Board of Managers of the Hospital in suspending the Appellant has violated his rights under the State or Federal Constitutions. We are cited to no Texas case, and our independent research has turned up none passing on the precise question presented here; that is, whether due process is denied and constitutional rights thus violated when judicial review is confined to the agency record in a public hospital case. We conclude that it is not. We find that Appellant has no vested property right to staff privileges at the hospital. *Duson v. Poage*, 318 S.W.2d 89 (Tex.Civ.App.—Houston 1958, writ ref'd n.r. e.); *Sosa v. Board of Managers of Val Verde Memorial Hospital*, 437 F.2d 173 (5th Cir. 1971). We hold there is no violation of Appellant's constitutional rights in the action of the Court in limiting judicial review to the record of the proceedings before the Board of Managers of the Hospital, sitting as an Appellate Review Committee. *Woodbury v. McKinnon*, 447 F.2d 839 (5th Cir. 1971); *Klinge, M.D., v. Lutheran Charities Association of St. Louis*, 523 F.2d 56 (8th Cir. 1975).

The judgment is affirmed.