James D. McFADDEN, Appellant,

v.

Wayne GIDEON, et al., Appellees.

No. 7054.

Court of Appeals of Texas, El Paso.

Sept. 8, 1982.

Joseph R. Gilbreath, Austin, John H. Green, Odessa, Tom Makowski, Washington, D. C., for appellant.

Joseph M. Nuessle, City Atty., Midland, Cantey, Hanger, Gooch, Munn & Collins, S. G. Johndroe, Jr., Fort Worth, for appellees.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

OPINION

WARD, Justice.

This is a suit for reinstatement and for damages resulting from a demotion of Appellant from lieutenant to sergeant on the

44

police force of the City of Midland, Texas. The trial court granted the Defendants/Appellees' motion for summary judgment. We affirm.

Appellant, James D. McFadden, brought this suit against Wayne Gideon, individually and as Chief of Police of the City of Midland, Texas; Sid Corley, individually and as Police Major and Assistant Chief of Police of the City of Midland, Texas; James W. Brown, individually and as City Manager of the City of Midland, Texas; and the City of Midland, Texas, seeking monetary damages and reinstatement to the position of lieutenant on the police force. We sustain the trial court's judgment on the basis that there was no right of appeal to the district court.

Appellant, after being demoted from lieutenant to sergeant, exhausted his administrative remedies provided by the personnel policy of the City of Midland; that is, he appealed first to the Chief of Police and then to the Personnel Appeals Board. He was represented by counsel and afforded an opportunity to present evidence and testimony during a two-day hearing before that Board. The Board upheld his demotion and this suit resulted.

The personnel policy of the City of Midland provides that a decision of the Board shall be final. The law enforcement officers of the City of Midland are not under the protection of the Civil Service Statute of the State of Texas, Article 1269m, Tex. Rev.Civ.Stat.Ann. That article provides for appeal to the courts from civil service rulings, but it must first be adopted by the city and Midland has not made such adoption. The Appellees have insisted from the inception of this suit that the Appellant has no right of appeal and the court was without jurisdiction, and they made such plea a part of their motion for summary judgment.

It is the settled law in Texas that no right of appeal from an action of an administrative party or an appeals board exists unless expressly provided for by ordinance or statute unless the administrative action complained of violates a constitution-

al provision. *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788 (1951); *Firemen's and Policemen's Civil Service Commission of City of Fort Worth v. Kennedy,* 514 S.W.2d 237 (Tex.1974); *Texas Liquor Control Board v. Canyon Creek Land Corporation,* 456 S.W.2d 891 (Tex.1970); *Stone v. Texas Liquor Control Board,* 417 S.W.2d 385 (Tex.1967). In the *City of Amarillo v. Hancock* case, the plaintiff, Hancock, was demoted from captain to driver by the city Civil Service Commission and he sought relief in the court under the provisions of Article 1269m which the city had adopted. It was held that the statute did not authorize an appeal from an order of demotion, and that the district court had no jurisdiction of the suit. In citing that case in *Firemen's and Policemen's Civil Service Commission of City of Fort Worth v. Kennedy,* the Supreme Court said:

"The latter holding was based on the rule that an inherent right of appeal from an administrative body created by an act silent on the question will be recognized only where the administrative action complained of violated a constitutional provision. This is the settled law in Texas. See *Texas Liquor Control Board v. Canyon Creek Land Corporation,* Tex. Sup., 456 S.W.2d 891; *Stone v. Texas Liquor Control Board,* Tex.Sup., 417 S.W.2d 385. The Court reasoned that Hancock did not have a vested property right in the position of captain. This being so, it concluded that an inherent right to judicial review was not required by due process, which was the only constitutional principle that might have been violated."

The judgment of the trial court is affirmed on the basis that the Appellant had no right of appeal to the district court. Having sustained the judgment on that basis, we find it unnecessary to discuss Appellant's points of appeal. The judgment is affirmed.