**Herman Bernard WISHNOW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 671–82.**

Court of Criminal Appeals of Texas, En Banc.

April 25, 1984.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Roberto Gutierrez and J. Brian Rains, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

We granted this State's petition for discretionary review to consider the Court of Appeals' opinion reversing appellant's conviction for violating Alcoholic Beverage Code, Section 104.01, V.T.C.A., and addressing the issue of that statute's constitutionality. *Wishnow v. State*, 638 S.W.2d 83 (Tex.App.—Houston [1st Dist.] 1982). For the reasons set forth below, we agree only with the result reached by the court below.

Alcoholic Beverage Code Section 104.-01(6), the offense appellant was convicted of, reads as follows:

"No person authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:

"* * *

"(6) permitting lewd or vulgar entertainment or acts."

In *Irven v. State*, 138 Tex.Cr.R. 368, 136 S.W.2d 608 (Tex.Cr.App.1940), this Court addressed the constitutionality of the predecessor to the above provision and held that, since the term "offensive to public decency" was not defined and was in itself too indefinite to be enforced, that part of the statute making it an offense for a liquor licensee to permit conduct on the premises that was "lewd, immoral or offensive to public decency" was invalid.

In *Courtemanche v. State*, 507 S.W.2d 545 (Tex.Cr.App.1974), we held that the amendment to the statute, Article 667–19B(g), V.A.P.C., which made it an offense for a beer retailer "permitting entertainment, performances, shows or acts that are lewd or vulgar" still suffered from a lack of defined terms and was unconstitutionally too vague to be enforceable.

Despite this, the Texas Legislature failed to delete the offending portions of the statute or to define the "lewd" or "vulgar" *acts* a beer retailer is proscribed from permitting. Instead, the Legislature has simply moved the offending provision from the Penal Code to the Alcoholic Beverage Code, almost word for word identical to the unconstitutional predecessors. We hold that in that new location it is still too vague to be enforceable.

Although valiant, the Court of Appeals' attempt to save the provision by applying the Code Construction Act, Article 5429b–2, V.A.C.S., is untenable. The Court reasoned that the provision in question is unconstitutional only insofar as it proscribes a beer retailer from permitting "vulgar acts," as "vulgar" is not defined in the statute or elsewhere in the Penal Code.

The Court deemed the proscription from permitting "lewd acts" was salvageable though, by engrafting the offense of "Public Lewdness"[1] and the definition of "Sexual Contact"[2] from the Penal Code into the infirm provision of the Alcoholic Beverage Code. The Court held that when read together the statutes sufficiently apprise a defendant of the "lewd conduct" prohibited.

We are of the opinion that this synthesis would engender more vagueness than it might correct. For instance, it is unclear whether the retailer is barred from permitting "lewd conduct on the premises" by customers in the same way as "lewd entertainment or acts" might be permitted of an entertainer by management. Before a beer retailer may be expected to police the conduct of patrons in order to refrain from personally committing a crime, the statute must be more specifically drafted and precisely worded.

We note, and the State argues that the Court of Appeals was incorrect in determining that the court's charge authorized the jury to convict appellant if it found that he had permitted lewd *or* vulgar behavior. The charge expressly required the jury to find that appellant permitted both lewd *and* vulgar behavior. The distinction is of no moment as a result of our determination that the entire provision is unconstitutional, yet we point out that the charge in this case contains no definition of either "lewd" or "vulgar" to guide the jury and the conviction rests, at least in part, upon an entirely unconstitutional element of the offense as determined by the Court of Appeals. See *American Plant Food Corporation v. State*, 508 S.W.2d 598, 601 (Tex. Cr.App.1974).

For the reasons stated, the reversal ordered by the Court of Appeals is affirmed and the prosecution ordered dismissed.

---

1. V.T.C.A., Penal Code, Section 21.07, provides:

"(a) A person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act:

"(1) an act of sexual intercourse

"(2) an act of deviate sexual intercourse;

"(3) an act of sexual contact;

"(4) an act involving contact between the person's mouth or genitals and the anus or genitals of an animal or fowl.

"(b) An offense under this section is a Class A misdemeanor."

2. V.T.C.A., Penal Code, Section 21.01, provides:

"(1) 'Deviate sexual intercourse' means:

"(A) any contact between any part of the genitals of one person and the mouth or anus of another person; or

"(B) the penetration of the genitals or the anus of another person with an object.

"(2) 'Sexual contact' means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.

"(3) 'Sexual intercourse' means any penetration of the female sex organ by the male sex organ."