704 S.W.2d 425 (1985)
TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,
v.
WISHNOW, Bernard d/b/a Jet Set Club International of Houston, Appellee.
No. A14-85-163CV.
Court of Appeals of Texas, Houston (14th Dist.).
December 12, 1985.
W. Reed Lockhuff, Asst. Atty. Gen., Austin, for appellant.
Albert Low, Jr., Houston, for appellee.
Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

*426 OPINION
ELLIS, Justice.
This is an appeal from an order of the district court reversing Appellant's administrative order cancelling Appellee's mixed beverage, mixed beverage late hours, and beverage cartage permits. We affirm the order of the district court.
Appellee's permits were cancelled following notice and a hearing set by Appellant, wherein the findings of the hearing examiner that Appellee had violated TEX.ALCO.BEV.CODE ANN. § 11.61(b)(7), (13) and (14) (Vernon 1978) and TEX.ALCO.BEV.CODE ANN. § 104.01(6) (Vernon Supp.1985) became the basis for Appellant's order of November 9, 1984. The code sections in question are the following:
§ 11.61 Cancellation or Suspension of Permit
(b) The commission or administrator may suspend for not more than 60 days or cancel an original or renewal permit if it is found, after notice or hearing, that any of the following is true: ....
(7) the place or manner in which the permittee conducts his business warrants the cancellation or suspension of the permit based on the general welfare, health, peace, morals and safety of the people and on the public sense of decency;
(13) the permittee was intoxicated on the licensed premises;
(14) the permittee sold or delivered an alcoholic beverage to an intoxicated person or allowed an intoxicated person to remain on the premises;
§ 104.01 Lewd, Immoral, Indecent Conduct
No person authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including but not limited to, any of the following acts:
(6) permitting lewd or vulgar entertainment or acts.
In her conclusions of law the hearing examiner found that an employee of Appellee was intoxicated on the licensed premises in violation of § 11.61(b)(13), employees of Appellee on the licensed premises sold or delivered alcoholic beverages to intoxicated persons in violation of § 11.61(b)(14), and employees of Appellee permitted sexually explicit, lewd, and vulgar acts on the licensed premises in violation of § 11.61(b)(7) and § 104.01(6).
The trial court reversed the cancellation of Appellee's permits on January 9, 1985. It cited Wishnow v. State, 671 S.W.2d 515 (Tex.Crim.App.1984) (en banc) wherein the court held that TEX.ALCO.BEV.CODE ANN. § 104.01(6) was unconstitutionally vague in its failure to define the terms "lewd" and "vulgar." The trial court additionally found the terms "immoral," "offensive to public decency," and "intoxicated" unconstitutionally vague as used in § 11.61(b)(7)(13) and (14). Thus it found Appellee's permits were cancelled for failing to proscribe conduct which the code did not adequately define so as to give him adequate notice of it. The court also found that there was no evidence presented at the administrative hearing to support conclusions of law 3a through 3e contained in appellant's proposal for decision which was adopted by the commission; therefore, those conclusions of law were not supported by substantial evidence.
Appellant alleges two points of error on appeal. In the first, it argues that the relevant code sections are neither unconstitutionally vague nor violative of due process. The Appellee in the present case was the party convicted in Wishnow v. State of violating § 104.01(6). In reversing his conviction on the grounds of the statute's unconstitutionality, the court stated that, "[b]efore a beer retailer may be expected to police the conduct of patrons in order to refrain from committing a crime, the statute must be more specifically drafted and precisely worded." Id. at 517. Appellant attempts to distinguish Wishnow from the case currently before us on the basis that the court declared the code section unconstitutionally vague to support a criminal *427 conviction but that the Wishnow holding is inapplicable to an administrative order such as this one.
It is true that Appellee's permits were cancelled pursuant to civil charges which were brought against it; however, we agree with appellee that the statute he was accused of violating is penal in nature. The predecessors of these sections were stated in the Texas Liquor Control Act which was part of the penal code; the Texas Alcohol Beverage Code containing nearly identical provisions became effective September 1, 1977. See TEX.ALCO.BEV.CODE ANN. § 1.01 (Vernon 1978). Civil courts are not powerless to interpret penal statutes, although their meaning and validity should normally be determined by courts exercising criminal jurisdiction. Texas Liquor Control Board v. Canyon Creek Land Corp., 456 S.W.2d 891, 894 (Tex.1970). The Canyon Creek court noted that the Liquor Control Board (now the Alcoholic Beverage Commission) was created by the legislature to enforce the Texas Liquor Control Act with the authority to investigate and aid in the prosecution of violations and the power to grant, suspend and cancel permits or licenses. Thus, the civil courts should not interfere with the daily operations of the Board unless the criminal statute cited by the Board is unconstitutional, and its enforcement will result in irreparable injury to vested property rights. Id.
In reference to her filed findings of fact and conclusions of law summarized above, the hearing examiner recommended that Appellee's permits be cancelled "because of the above reasons and because of all the above findings and conclusions." The commission adopted the hearing examiner's proposal for decision in its order of cancellation. Thus, a reasonable reading of the order reveals it to be based on the totality of the alleged violations. This court is, therefore, faced with the question whether or not the commission would have ordered the severe penalty it did if one of the bases for the order, that appellee allowed lewd and vulgar behaviour on its premises, was determined to be invalid because of the Wishnow court's ruling, even though some of the statutes were sufficiently definite and the evidence sufficiently substantial to support the finding that an employee and patrons of Appellee were intoxicated. We do, in fact, accept that court's finding that the proscription against lewd or vulgar acts is unconstitutionally vague.
We note that the standard of review we are to apply in considering the Commission's order is the substantial evidence rule. Texas Alcoholic Beverage Commission v. J. Square Enterprises, 650 S.W.2d 531, 532 (Tex.App.Dallas 1983, no writ); Texas Alcoholic Beverage Commission v. Big Country Club, 492 S.W.2d 368, 369 (Tex.Civ.App.Eastland 1973, writ ref'd n.r.e.); TEX.ALCO.BEV.CODE § 11.67(b) (Vernon Supp.1985). In applying that rule, the Court of Appeals is to determine whether reasonable men might have reached the decision the agency reached based on the evidence introduced in the trial court and must uphold the administrative decision if it is reasonable, even though the court might have reached a different conclusion based on the same evidence. City of San Antonio v. Flores, 619 S.W.2d 601, 602 (Tex.Civ.App.Houston [14th Dist.] 1981, n.r.e.); Texas Alcoholic Beverage Commission v. Good Spirits, Inc., 616 S.W.2d 411, 415 (Tex.Civ.App.Waco 1981, no writ).
Under this rule, then, we are obligated to agree that some violations of the Code were found to exist. However, the test in determining whether an administrative decision finds reasonable support in substantial evidence is "whether the evidence as a whole is such that reasonable minds could not have reached the conclusion the agency must have reached in order to justify its action." Hardy Street Investors v. Texas Water Rights Commission, 536 S.W.2d 85, 87 (Tex.Civ.App.Waco 1976, writ ref'd n.r.e.); See Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619, 622-24 (1958). Under the record before us, we cannot say the commission's order was reasonably supported *428 by substantial evidence. Thus we overrule the first point of error.
In its second point of error, Appellant argues that the trial court erroneously found that there was no evidence that Appellee had hired any of the persons alleged to have committed lewd or vulgar acts. Appellant correctly points out that whether or not he had hired such persons is not at issue; the hearing examiner found that Appellee had permitted such conduct on its premises. Appellant alleges again that there is substantial evidence to support that finding.
However, we do not reach a decision on this point of error on the basis of whether or not there is substantial evidence to support the hearing examiner's findings. This is because we defer to the decision of the Wishnow court, noted in the first point of error, that the prohibition against "lewd" or "vulgar" acts forbidden in § 104.01(6) is unconstitutionally vague. Thus, the decision to cancel Appellee's permits, which was based in part on the alleged violation of this statute, is without adequate support. Accordingly, we overrule the second point of error.
We affirm the judgment of the trial court.
SEARS, dissenting.
I respectfully dissent.
Appellant attempts to distinguish Wishnow v. State, 671 S.W.2d 515 (Tex.Crim.App.1984) from the case currently before us on the basis that the Court of Criminal Appeals declared the code section unconstitutionally vague to support a criminal conviction. It claims that the Wishnow order is inapplicable to an administrative order such as this one. I agree.
It is well established in Texas that no right of appeal from an action of an administrative party or appeals board exists unless expressly provided for by ordinance or statute; that right exists only when the action complained of violates a constitutional provision. Firemen's and Policemen's Civil Service Commission of City of Fort Worth v. Kennedy, 514 S.W.2d 237, 239 (Tex.1974); McFadden v. Gideon, 639 S.W.2d 43, 44 (Tex.App.El Paso 1982, writ ref'd n.r.e.). In the former case the Supreme Court cited an earlier case in which it had reasoned that the appellant did not have a vested property right in his position with the city Civil Service Commission; thus, an inherent right to judicial review was not required by due process, which was the only constitutional principle that might have been violated. See City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788 (1951).
A permit to operate as a private club is not a vested property right; it is a privilege that is granted according to regulations prescribed by the legislature. Texas Liquor Control Board v. Canyon Creek Land Corp., 456 S.W.2d 891, 895 (Tex.1970). Permits and licenses under the Texas Liquor Control Act are personal privileges and not property. Morgan v. Texas Alcoholic Beverage Commission, 519 S.W.2d 250, 253 (Tex.Civ.App.Texarkana 1975, no writ). Generally, constitutional due process may be invoked to protect property rights but does not extend to privileges granted under the state's police power. House of Tobacco v. Calvert, 394 S.W.2d 654, 656 (Tex.1965); See TEX.ALCO.BEV.CODE.ANN. § 1.03 (Vernon 1978). In Calvert, a cigarette vendor was held to be entitled to the protection of the due process clause because his interest was not controlled by the state's exercise of its police power. In citing the provisions of the Act as found at that time in the Texas Penal Code, the court found the granting of permits such as liquor licenses to be an exercise of the state's police power through which it may regulate and protect the welfare, health, peace, temperance and safety of its people, as long as the legislature does not pass a statute which is inherently or patently discriminatory on its face. Id.
The provisions of the Liquor Control Act cited in these earlier cases were repealed in the Penal Code by the Legislature and recodified in the Alcoholic Beverage Code, effective September 1, 1977. See TEX. *429 ALCO.BEV.CODE ANN. § 1.01 (Vernon 1978). The Texas Liquor Control Board was created by the legislature to administer the Act. Civil courts should not interfere with the day-to-day operations of the Board unless compelling reasons exist for doing so. Canyon Creek Land Corp., 456 S.W.2d at 894. I believe also that the right to serve alcoholic beverages is not a property right, but a privilege whose exercise is to be determined and regulated according to the provisions of the Alcoholic Beverage Code. Due process rights are not involved in the cancellation of Appellee's permit. Thus, we do not reach the question of the constitutionality of the provisions of the code with which Appellee was found to be in violation. I would sustain the first point of error.
The majority opinion acknowledges the hearing examiner found Appellee had violated other sections of the code, to wit:
(1) an employee of Appellee was intoxicated and on the premises,
(2) employees of Appellee sold or delivered alcoholic beverages to intoxicated persons.
Even if the majority is correct in finding 104.01(6) unconstitutionally vague, and even if they are correct in finding the statute penal in nature, the commission was acting within the authority vested in it, and there was "substantial evidence" to support its findings regarding the other violations of the code.
The courts must not interfere with the actions of the commission in policing those establishments to whom liquor licenses have been issued. It is high time that the interests of the majority, the public in general, be protected by our system of jurisprudence. We have looked so long and so hard at the rights of the individuals that we have lost sight of our purpose. We should look instead to protect the general welfare, health, peace, morals and safety of the law abiding citizens of this great state.
I would reverse the trial court and affirm the action of the commission.