SEARS,
dissenting.
I respectfully dissent.
Appellant attempts to distinguish Wishnow v. State, 671 S.W.2d 515 (Tex.Crim.App.1984) from the case currently before us on the basis that the Court of Criminal Appeals declared the code section unconstitutionally vague to support a criminal conviction. It claims that the Wishnow order is inapplicable to an administrative order such as this one. I agree.
It is well established in Texas that no right of appeal from an action of an administrative party or appeals board exists unless expressly provided for by ordinance or statute; that right exists only when the action complained of violates a constitutional provision. Firemen’s and Policemen’s Civil Service Commission of City of Fort Worth v. Kennedy, 514 S.W.2d 237, 239 (Tex.1974); McFadden v. Gideon, 639 S.W.2d 43, 44 (Tex.App.—El Paso 1982, writ ref’d n.r.e.). In the former case the Supreme Court cited an earlier case in which it had reasoned that the appellant did not have a vested property right in his position with the city Civil Service Commission; thus, an inherent right to judicial review was not required by due process, which was the only constitutional principle that might have been violated. See City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788 (1951).
A permit to operate as a private club is not a vested property right; it is a privilege that is granted according to regulations prescribed by the legislature. Texas Liquor Control Board v. Canyon Creek Land Corp., 456 S.W.2d 891, 895 (Tex.1970). Permits and licenses under the Texas Liquor Control Act are personal privileges and not property. Morgan v. Texas Alcoholic Beverage Commission, 519 S.W.2d 250, 253 (Tex.Civ.App.-Texarkana 1975, no writ). Generally, constitutional due process may be invoked to protect property rights but does not extend to privileges granted under the state’s police power. House of Tobacco v. Calvert, 394 S.W.2d 654, 656 (Tex.1965); See TEX. ALCO.BEV.CODE.ANN. § 1.03 (Vernon 1978). In Calvert, a cigarette vendor was held to be entitled to the protection of the due process clause because his interest was not controlled by the state’s exercise of its police power. In citing the provisions of the Act as found at that time in the Texas Penal Code, the court found the granting of permits such as liquor licenses to be an exercise of the state’s police power through which it may regulate and protect the welfare, health, peace, temperance and safety of its people, as long as the legislature does not pass a statute which is inherently or patently discriminatory on its face. Id.
The provisions of the Liquor Control Act cited in these earlier cases were repealed in the Penal Code by the Legislature and re-codified in the Alcoholic Beverage Code, effective September 1, 1977. See TEX. *429 ALCO.BEV.CODE ANN. § 1.01 (Vernon 1978). The Texas Liquor Control Board was created by the legislature to administer the Act. Civil courts should not interfere with the day-to-day operations of the Board unless compelling reasons exist for doing so. Canyon Creek Land Corp., 456 S.W.2d at 894. I believe also that the right to serve alcoholic beverages is not a property right, but a privilege whose exercise is to be determined and regulated according to the provisions of the Alcoholic Beverage Code. Due process rights are not involved in the cancellation of Appellee’s permit. Thus, we do not reach the question of the constitutionality of the provisions of the code with which Appellee was found to be in violation. I would sustain the first point of error.
The majority opinion acknowledges the hearing examiner found Appellee had violated other sections of the code, to wit:
(1) an employee of Appellee was intoxicated and on the premises,
(2) employees of Appellee sold or delivered alcoholic beverages to intoxicated persons.
Even if the majority is correct in finding 104.01(6) unconstitutionally vague, and even if they are correct in finding the statute penal in nature, the commission was acting within the authority vested in it, and there was “substantial evidence” to support its findings regarding the other violations of the code.
The courts must not interfere with the actions of the commission in policing those establishments to whom liquor licenses have been issued. It is high time that the interests of the majority, the public in general, be protected by our system of jurisprudence. We have looked so long and so hard at the rights of the individuals that we have lost sight of our purpose. We should look instead to protect the general welfare, health, peace, morals and safety of the law abiding citizens of this great state.
I would reverse the trial court and affirm the action of the commission.